BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
WILLIAM E. FITZGERALD, OSB #915151
Assistant United States Attorney
bud.fitzgerald@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401-2708
Telephone:  (541) 465-6771
Facsimile:   (541) 465-6917
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:16-CR-00219-MC |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| JOHN BLAYNE VANGASTEL, | [Sentencing:  10/14/16; 10:00 am] |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, Vanita J. Gupta, Head of the Civil Rights Division, Billy J. Williams, United States Attorney, District of Oregon, Fara Gold, Special Litigation Counsel with the Civil Rights Division, and William E. Fitzgerald, Assistant United States Attorney, hereby tenders its sentencing recommendation.

John Vangastel, the defendant, comes before the Court for sentencing pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B).  Defendant Vangastel entered a guilty plea on May 19, 2016, to a single-count information charging him with a misdemeanor violation of 42 U.S.C. § 3631 for willfully injuring, intimidating, and interfering with the housing rights of individuals of Vietnamese descent, because of their national origin.

The plea agreement recommends a factually and legally appropriate sentence of five years of probation. This sentence promotes respect for the law, affords adequate deterrence of similar conduct, considers the defendant's acceptance of responsibility, and ensures the safety of the victims for an extended period of time. The United States therefore requests the Court accept the recommendation, and sentence the defendant accordingly.

## BACKGROUND

On the evening of December 30, 2015, the defendant, who had been living next door to a family of Vietnamese descent for approximately three months in Klamath Falls, entered the family's property without permission. The defendant then forcibly blocked their front commercial gate so that the family members could not park their vehicles on their property after returning from work. When one of the family members told the defendant to let go of the gate and leave the family's property, the defendant told the family member to "push [him] off the property." The defendant then raised his hand and balled up his fist as though he was going to assault one of the female family members. The defendant then repeatedly tried to instigate a fight with the rest of the family, threatening to hit them and making comments like, "You are trash;" "You are not even white;" You smell like salmon-fish."  The defendant also told the family something to the effect of, "I'll beat you because you are Asian," and "You fucking Vietnamese – you don't deserve to live here."

When the defendant was interviewed by police, he falsely stated that he did not enter the victims' property or hold open their gate and he denied using the aforementioned racial slurs. Video and audio recordings of the incident belied the defendant's statements to police, establishing that he lied when questioned by authorities.

The incident on December 30, 2015, was the culmination of the defendant's repeated intimidation of the neighboring family, who had lived at their residence for twenty years without incident. However, as a result of the defendant's conduct, the family became so fearful that they moved out of their home.

The defendant's actions had a profound impact on the victims who, as a result of the defendant's conduct, had their federally-protected housing rights abridged.

## SENTENCING CONSIDERATIONS

The offense of conviction is a Class A misdemeanor subject to a maximum sentence of one year in prison to be followed by up to one year of supervised release, a $100,000 fine, five years of probation and a mandatory $25 special assessment.

The advisory sentencing guideline calculations are governed by the 2015 edition of the United States Sentencing Guidelines Manual, hereinafter "U.S.S.G."

1. **Base Offense Level (10)**

Pursuant to U.S.S.G. § 2H1.1(a)(3), the base offense level is 10 because the defendant threatened to use physical force against one or more of the family members during the offense.

2. **Victim-Related Adjustment (+3)**

Pursuant to U.S.S.G. § 3A1.1(a), the defendant qualifies for a 3-level enhancement for intentionally selecting any victim as an object of the offense because of the actual or perceived race, color, religion, national origin, ethnicity or gender of any person.

3. **Obstruction of Justice (+2)**

Pursuant to U.S.S.G. § 3C1.1, the defendant qualifies for a 2-level enhancement because he provided a materially false statement to law enforcement in a way that obstructed the investigation of the offense.

4. **Acceptance of Responsibility (-2)**

Pursuant to U.S.S.G. §3E1.1, Defendant is entitled to a 2-level reduction because his adjusted offense level is less than 16 and he has clearly demonstrated acceptance of responsibility for his offense.

5. **Advisory Guideline Range**

A final offense level of 13, together with Defendant's criminal history category of I, produces an advisory guideline range of 12 to 18 months.

**ARGUMENT**

The recommended probationary sentence as set forth above, is sufficient but not greater than necessary to serve the purposes of sentencing under 18 U.S.C. § 3553(a).  Although the defendant's actions are reprehensible and run afoul of the First Amendment, the sentence is warranted because of his guilty plea prior to indictment, the range of punishment available for this type of offense, and the victims' interest in ensuring that the defendant not have continued contact with them.  The federal government's interest in this prosecution was to vindicate the victims' Constitutional rights and to ensure that the defendant was held to account for his actions, whereas he otherwise might not have understood the significance of his conduct.  Although the recommended sentence does not carry a term of imprisonment, it calls for a lengthier sentence than the maximum jail sentence permitted by statute.  The court will therefore be able to monitor the defendant for five years and ensure that he does not contact the victims, remains medication compliant, undergoes any necessary counseling, and does not otherwise violate the law.  This sentence will curtail the defendant's daily activities, limit his freedom of movement, and as a result, serve as a constant reminder of the crime he committed.  Such a

sentence should therefore promote both specific and general deterrence and respect for the law as well as adequately protect the public from future crimes by this defendant.

Should the defendant violate the conditions of probation, the United States will then seek a jail sentence as warranted. However, it is the government's hope that the defendant's federal conviction will suffice to deter him and other similarly situated individuals from similar acts of intolerance and menacing behavior. An individual who threatens force or uses force on their neighbors simply because of those neighbors' national origin should be held responsible for his or her actions. In this case, under these set of circumstances, five years of probation is appropriate. For these reasons, the United States moves this Court to sentence the defendant accordingly.

Dated this 5th day of October, 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/William Fitzgerald*
WILLIAM FITZGERALD
Assistant United States Attorney
District of Oregon

VANITA GUPTA
Head of the Civil Rights Division

s/ *Fara Gold*
FARA GOLD
Special Litigation Counsel
U.S. Department of Justice
Civil Rights Division, Criminal Section